## Richmond

HORACE C. ROWE, JR. V. COMMONWEALTH OF VIRGINIA.

September 5, 1975.

Record No. 750024.

Present, All the Justices.

*Franklin R. Blatt; Steven M. Blatt* (*Earman and Julias*, on brief), for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

Horace C. Rowe, Jr. was convicted by a jury of committing perjury, and his punishment was fixed at a term of four years in the penitentiary.

On July 2, 1974, Rowe had been convicted in the court below of statutory burglary (breaking and entering the Shenandoah Valley Livestock Sales Building in Rockingham County) and was sentenced to serve six months in jail. On the day following imposition of sentence, a warrant was issued charging Rowe with perjury. Code § 18.1-273.[1] Thereafter Rowe was indicted and brought to trial on an

---

[1] "What deemed perjury.—If any person to whom an oath is lawfully administered on any occasion wilfully swear falsely on such occasion touching any material matter or thing, or if a person falsely make oath that any other person is eighteen years of age in order to obtain a marriage license for such other person, he shall be guilty of perjury. (Code 1950, § 18-237; 1960, c. 358; 1972, c. 823.)"

amended indictment which charged that at his July 2, 1974 trial Rowe had committed perjury "by swearing falsely under oath as to his entering the building and what he did while he was in the building; whether or not he did in fact break and enter said building; whether he did or did not have a fresh cut on his hand and how the cut was sustained, and whether he did or did not refuse to be fingerprinted following his arrest".

Rowe filed a motion *in limine* in his trial for perjury that the court exclude from evidence two different statements made by him during the course of his trial for statutory burglary. The first of these statements was Rowe's response to the question: "Did you break and enter this building?" The answer the defendant desired to exclude was, "No sir, I did not." The second statement which the defendant desired to exclude was his response to the question: "And one other question, are you guilty of this crime of breaking and entering the livestock sales?" Rowe's answer was, "No sir, I am not. If I was, I'm man enough to plead guilty. I am not guilty of this charge."

The trial court sustained Rowe's position that it would be improper for the Commonwealth to prove the question and answer regarding his "guilt" of a crime, for that called for a legal conclusion, but ruled that the question and answer which related to whether or not the defendant did in fact break and enter the livestock building was admissible as a factual statement.

The evidence of the Commonwealth consisted, in part, of reading into the record and to the jury the testimony of defendant at his previous trial for statutory burglary. This was followed by the presentation of other witnesses for the Commonwealth and of witnesses for the defendant. The alleged false statement of Rowe that he did not break and enter the livestock building was read by the reporter from her transcript of the first trial. At the conclusion of the Commonwealth's case, Rowe moved the court to strike the evidence on the ground that the Commonwealth had not established as a matter of law a prima facie case against defendant as to the materiality on any of the points that were raised in the indictment. In response to this motion the court said: "Well, your motion is overruled in all respects except with respect to the question, 'did you break and enter the building?' . . . So the motion is sustained with respect to the statement about did you break and enter the building, but the motion is overruled in all other respects."

The defendant argues that notwithstanding this favorable ruling for him by the trial court, it failed to strike the offensive language from the indictment or to instruct the jury that this allegation, and the Commonwealth's evidence in support thereof, had been stricken. He assigns error to these actions of the court.

In view of the outcome of the case in the trial court and of our decision here, it is not necessary that we discuss the various motions that were made following defendant's conviction. While the court did not strike the offensive language from the indictment or instruct the jury regarding the same, the defendant was given an instruction which omitted, as a material averment to be established by the Commonwealth, the one averment in the indictment which the defendant found objectionable, i.e., "whether or not he did in fact break and enter said building". [2]

In defendant's trial for statutory burglary the Commonwealth's evidence was that the defendant entered the livestock building on April 21, 1974, about 3:30 p. m., by breaking a glass window, a screen and a glass door. Clarence Cook, an employee of the company, testified that he locked the building when he went to lunch and that upon his return he found the window and door broken and the defendant in the building. Rowe denied that he broke and entered, as claimed by the Commonwealth. He testified that he had been drinking and that he entered the building immediately behind Cook and for the purpose of buying a "chaser". The Commonwealth further claimed that the defendant cut his hand when he broke the window and door to enter the building, and also that he refused to be fingerprinted. Therefore the thrust of the Commonwealth's case was that Rowe feloniously broke and entered the building, cutting himself in the process, and that thereafter he refused to be fingerprinted.

All of these averments are factual and were material to the Commonwealth's case against Rowe for statutory burglary. None called for an opinion or a legal conclusion. At that trial Rowe took the wit-

---

[2] "JURY INSTRUCTION NO. 7: The jury are further instructed that among the material averments in the indictment are the statements: (1) his entering the building and what he did while he was in the building; (2) whether he did or did not have a fresh cut on his hand and how the cut was sustained; (3) whether he did or did not refuse to be fingerprinted following his arrest; and to warrant a conviction in this case, the fact of such materiality must be established to the satisfaction of the jury, beyond a reasonable doubt, and if, after a careful consideration of all the evidence, and in view of the principles of law given you in these instructions, you entertain any reasonable doubt as to whether the fact above stated did not become material on said trial, you should find the defendant not guilty."

ness stand voluntarily and having done so became subject to a prosecution for perjury if he willfully and knowingly made false statements touching any material matter or thing. *See Rothfuss* v. *Commonwealth*, 198 Va. 461, 94 S. E. 2d 532 (1956). In the course of his testimony he denied that he entered the building by breaking the window, its screen and the door; he denied that he cut his hand; and he denied that he refused to be fingerprinted. The Commonwealth alleges that in making statements in connection with each denial the defendant testified falsely.

In the instant case the court ruled correctly on defendant's motion *in limine*. Its contra and inconsistent ruling, sustaining the defendant's motion made at the conclusion of the Commonwealth's case, was made in error.[3] However, the defendant was the beneficiary of this ruling for an instruction was given omitting the averment which the defendant found objectionable. The defendant has suffered no harm because of the inconsistent rulings and has shown no error by the trial court that is prejudicial to him.

The indictment contained one count charging that the defendant testified falsely at his prior trial in several material respects. While the Commonwealth should have been allowed to prove defendant's statement that he did not break and enter the building, absent such proof, there was credible evidence before the jury that defendant had testified falsely in the several other material respects charged in the indictment. The jury's verdict finding the defendant guilty should therefore not be disturbed.

The judgment of the lower court is

*Affirmed.*

---

[3] Following Rowe's conviction of perjury and at the hearing on his motion for a new trial, the trial court observed that perhaps it was confused when it ruled upon Rowe's motion made at the conclusion of the Commonwealth's case, and that perhaps it had overlooked the fact that there were two separate questions involved in Rowe's motion *in limine*. In denying the motion for a new trial the trial court said: "[B]ut as I view it now and as I recall the evidence, there was evidence that the defendant denied breaking and entering the building, at the trial of this case [statutory burglary] there was evidence that the jury could have found beyond a reasonable doubt that he did break and enter the building and committed perjury when he made that statement."